## LACHMAN v. YOUNG.

(Supreme Court, Appellate Term, First Department.   May 8, 1913.)

APPEAL AND ERROR (§ 1177*)—DETERMINATION OF CAUSE—NECESSITY OF NEW TRIAL.

 Where, in an action for damages to an automobile, the testimony showed that repairs not rendered necessary by the accident were included in the bill offered in evidence, and there was nothing by which such repairs could be segregated, the court, on appeal from an erroneous judgment for the full amount of the bill, must grant a new trial.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Bernard Lachman against William R. Young, Jr.   From a judgment for plaintiff, rendered by the Municipal Court of the City of New York, defendant appeals.   Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Charles W. Philipbar, of New York City, for appellant.

James M. Donohue, of New York City, for respondent.

PER CURIAM.   The action was to recover for damages to an automobile, occasioned by collision with another automobile.   The fact that the rear wheel of the defendant's automobile was damaged would seem to disprove the plaintiff's testimony that the front of the defendant's automobile struck his car.

The repairs made necessary by the collision were not properly proved.   The testimony showed that repairs not rendered necessary by the accident were included in the bill offered in evidence, but judgment was given for the full amount.   As there is no evidence by which these can be segregated, we would be compelled to grant a new trial.

The judgment will therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

## LONG ISLAND SEASHORE CO. v. GOLDNER.

(Supreme Court, Appellate Term, First Department.   May 8, 1913.)

COURTS (§ 190*)—MUNICIPAL COURTS—APPEALS—DECISIONS REVIEWABLE.

 Under the express provisions of Municipal Court Act (Laws 1902, c. 580) § 257, no appeal lies from an order opening a default, and an appeal from such an order will therefore be dismissed.

 [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 660–662; Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Long Island Seashore Company against Jacob Goldner.   From an order opening defendant's default, plaintiff appeals.   Appeal dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

 141 N.Y.S.—22

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

James P. Callender, of New York City, for appellant.

Max Miller, of New York City, for respondent.

GUY, J. This is an appeal from an order opening a default. No appeal lies from such an order (Municipal Court Act [Laws 1902, c. 580] § 257), and the appeal should be dismissed.

Appeal dismissed, with $10 costs. All concur.

---

### ISAACS v. NEW HAVEN & NEW YORK REALTY CORPORATION.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

LANDLORD AND TENANT (§ 166*)—DEFECTIVE PREMISES—NEGLIGENCE—LIABILITY.

   A landlord, negligently failing, for an unreasonable time, to repair a broken pipe connecting a radiator forming a part of the steam-heating apparatus in his control, is liable for damages to a tenant's property by escaping steam, where a third person, without the knowledge of the tenant, turned the valve, so as to cause steam to escape, but is not liable where the tenant, warned not to turn the valve, turned it, and thereby caused the steam to escape.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 647–655, 657–660; Dec. Dig. § 166.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Rose Isaacs against the New Haven & New York Realty Corporation. From a judgment of the Municipal Court for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Sydney W. Stern, of New York City, for appellant.

Robert. H. Haskell, of Brooklyn, for respondent.

PAGE, J. The plaintiff was a tenant of the defendant, occupying a steam-heated apartment. On November 13th the superintendent was called in to fix a radiator that had been pulled away from the wall. As he was unable to get it back, he broke the pipe connecting the radiator, between the valve and the radiator, and turned the radiator around, and left the radiator in this condition for eight days, warning the plaintiff not to turn the valve. The plaintiff was awakened on the morning of November 21st by the sound of escaping steam, and called the superintendent, who went into the room and turned off the valve. The escaping steam damaged the piano and furniture in the room. The action is brought to recover the fair and reasonable expense of the repairs made necessary by the damage from the steam.

The plaintiff testified that she had not opened the valve. The defendant's counsel developed the fact that she had company on the night of November 20th, and argues that the valve was probably